UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:07CV-P131-M

TIMMY MCDONALD                                                          PETITIONER

v.

UNITED STATES OF AMERICA                                               RESPONDENT

### MEMORANDUM OPINION

Petitioner, Timmy McDonald, filed this action pursuant to 28 U.S.C. § 2241 on or about

October 19, 2007.  The action is before the Court for initial screening, and on McDonald's

motion to expedite (DN 2), motion to dismiss (DN 3), motion for *ex parte* hearing (DN 8), and

motion to expedite responses to his pending motions (DN 9).  For the reasons set forth below,

the Court will dismiss this action and deny the pending motions as moot.

### I. PROCEDURAL BACKGROUND

McDonald and his co-defendant, Earl Moorman, were charged with possession with

intent to distribute cocaine and cocaine base and with aiding and abetting such possession, in

violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C § 2.  McDonald pleaded guilty to possession

with intent to distribute cocaine and to aiding and abetting Moorman in the possession of crack

cocaine.  As a result, McDonald was sentenced by this Court to a total term of 168 months

imprisonment, to a term of 8 years supervised release, and a special assessment in the amount of

$200.00.  McDonald appealed his sentence to the Sixth Circuit Court of Appeals alleging that

this Court erred in failing to grant a sentence reduction for acceptance of responsibility.  The

Sixth Circuit affirmed McDonald's sentence.  *United States v. McDonald*, Nos. 99-5059/99-

5122, 2000 U.S. App. LEXIS 18216 (6th Cir. July 24, 2000).  It does not appear that McDonald

has ever moved  to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  In

---

[1]In connection with ruling on a nearly identical action, which McDonald voluntarily
dismissed so that he could proceed with this action, the Court erroneously stated that McDonald

this action brought under § 2241, McDonald alleges that he is actually innocent of all alleged

violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C § 2 because the charging indictment failed to

charge him with violations of interstate commerce thereby depriving this Court of subject matter

jurisdiction.

## II.  ANALYSIS

McDonald is unquestionably challenging his conviction in the instant action.  "A federal

prisoner may challenge a conviction or imposition of sentence under § 2241 rather than by a

motion filed under 28 U.S.C. § 2255 only in very unusual circumstances in which the remedy

under § 2255 is inadequate or ineffective."  *Okoro v. Hemingway*, 104 Fed. Appx. 558, 559 (6th

Cir. 2004) (citing *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999)).  The fifth paragraph

of § 2255, the "savings clause," provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is
> authorized to apply for relief by motion pursuant to this section, shall not be
> entertained if it appears that the applicant has failed to apply for relief, by motion,
> to the court which sentenced him, or that such court has denied him relief, unless
> it also appears that the remedy by motion is inadequate or ineffective to test the
> legality of his detention.

It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective.

*Charles*, 180 F.3d at 755-56.  The Sixth Circuit "has recognized as cognizable under § 2241 only

claims of actual innocence based upon a new rule of law made retroactive by the Supreme

Court."  *Okoro*, 104 Fed. Appx. at 559 (citing *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir.

2003)).

McDonald argues that § 2255 is ineffective to test the legality of his conviction because

he is time barred from any remedy under § 2255.  However, "[a] prisoner's remedy under

§ 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise

---

had filed a prior § 2255.  Upon review of its records, however, the Court confirmed that the
§ 2255 was filed by only McDonald's co-defendant.

procedurally barred from seeking relief under § 2255, because the prisoner has already filed one

motion to vacate, or because the prisoner has been denied permission to file a second or

successive motion to vacate." *Barnes v. Booker*, 116 Fed. Appx. 560, 561 (6th Cir. 2004) (citing

*United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)).  Thus, McDonald has failed to

properly allege that § 2255 is ineffective or inadequate.  Moreover, McDonald is not relying on

any new law to establish his actual innocence claim.  There is no reason that McDonald could

not have advanced these arguments as part of his direct appeal or filed a timely § 2255 motion.

Indeed, in his petition, McDonald unequivocally states that "the United States and his counsel

were fully aware that the Petitioner's charging indictment <u>lacked</u> any claim nor violation of

interstate commerce rendering such <u>fundamentally</u> and <u>fatally</u> defective."

"The remedy afforded under § 2241 is not an additional, alternative, or supplemental

remedy to that prescribed under § 2255."  *Charles*, 180 F.3d at 758.   McDonald must pursue his

challenges to his indictment by a motion to vacate under § 2255.  *See Frost v. Beeler*, No.

95-6345, 1996 U.S. App. LEXIS 22472 (6th Cir. Aug. 1, 1996) (holding that challenge to

indictment had to be brought under § 2255 and not § 2241); *Synder v. Story*, 872 F.2d 1028 (6th

Cir. 1989) (holding that challenge to the indictment and sentencing court's subject matter

jurisdiction could not be challenged under § 2241); *Kendrix v. United States*, No.

2:07-CV-13088, 2007 U.S. Dist. LEXIS 55203 (E.D. Mich. July 31, 2007) (same).

Because McDonald has not previously filed a § 2255 motion, and because of the possible

negative consequences of such a recharacterization, the Court will dismiss the instant action.  *See*

*Castro v. United States*, 540 U.S. 375, 383 (2003).  If McDonald wishes to further challenge his

conviction in the manner asserted in the instant action, he can file a motion with this Court under

§ 2255.  Petitioner is instructed that any such motion should explain why he did not timely file

the motion during the limitations period.

In light of the Court's decision to dismiss this action, the pending motions will be denied

as moot.

### III. CERTIFICATE OF APPEALABILITY

In the event that McDonald appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("Whether the district judge determines to issue a COA along with the denial of a writ of habeas corpus or upon the filing of a notice of appeal, the district judge is always required to comply with § 2253(c)(2) & (3) by 'indicat[ing] which specific issue or issues satisfy the showing required,' 28 U.S.C. § 2253(c)(3), *i.e.*, a 'substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2).").

When a district court denies such a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484. In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its

procedural ruling to be debatable.  Thus, no certificate of appealability is warranted in this case.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:      Petitioner, *pro se*
         U.S. Attorneys Terry M. Cushing and Monica Wheatley
4414.008